UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| ISAAC J. WALKER, ) | C/A No.: 4:14-cv-3749-RBH-TER |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| ) | |
| LEROY CARTLEDGE, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Isaac J. Walker (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 23, 2014, and filed an amendment to the petition on December 2, 2014. (Doc. #1). Respondent filed a motion for summary judgment on March 23, 2015, along with a return and memorandum. (Docs. #45 and #46). The undersigned issued an order filed March 24, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #47). Petitioner filed a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

response on April 17, 2015.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in McCormick Correctional Institution pursuant to an order of commitment from the Clerk of Court of Spartanburg County. A Spartanburg County grand jury indicted Petitioner in December 2006 for burglary first degree. (Attachment 1, PCR App. pp. 29-30). Kathleen J. Hodges, Esq. represented Petitioner on the charge. A jury trial was held January 22, 2008, before the Honorable Paul M. Burch. (Attachment 1, PCR App. p. 87). The jury convicted as charged. (Attachment 1 PCR App. p. 240). Judge Burch sentenced Petitioner to twenty-five (25) years imprisonment. (Attachment 1, PCR App. p. 252). On January 28, 2008, counsel moved for a new trial and reserved the right to amend the motion at the hearing. (Attachment 1, PCR App. pp. 181-182). A hearing on the post-trial motion was held July 10, 2008. (Attachment 1, PCR App. p.254). Counsel argued for a new trial on insufficiency of the evidence, and also moved for a reduction of the sentence. (Attachment 1, PCR App. pp. 256-257; p.

260). By Order dated September 22, 2008, filed that same day, Judge Burch denied the motion as to a new trial, and granted the motion for reduction of the sentence. Judge Burch imposed a sentence of twenty-two (22) years. Petitioner appealed the denial of relief. Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. On June 24, 2009, appellate counsel filed a Final Anders Brief of Appellant in the South Carolina Court of Appeals and raised the following issue:

> Whether the trial judge erred in giving a jury charge on accomplice liability that diluted the presumption of innocence in violation of due process of law?

(Attachment 1, PCR App. p. 277).

However, prior to consideration of the appeal, Petitioner requested to withdraw the appeal. On October 22, 2009, the Court of Appeals accepted the request, dismissed the appeal, and issued the remittitur. (Attachment 1, PCR App.p. 285). On October 20, 2010, Petitioner filed an application for post-conviction relief ("PCR"), and raised the following claims:

1. Applicant's has newly discovery evidence pursuant to S.C. Code 17-27-45 (C): of testimony of Lisa Godfrey;
2. Ineffective assistance of counsel Attorney Kathleen Hodges;
3. Lack of Subject Matter Jurisdiction;
4. Ineffective Assistance of Counsel failed to call co-defendant and victim witness;
5. Miscarriage of justice.

(Attachment 1, PCR App. p. 296).

The State made its return on May 3, 2011. (Attachment 1, PCR App. pp. 298-302). Ransome A. Coleman, Esq., represented Petitioner in the action. PCR counsel filed an amendment to the application on June 20, 2011, (Attachment 1, PCR App. pp. 304-306), and a second amendment on August 24, 2011, (Attachment 1, PCR App. p. 308).

An evidentiary hearing was held on December 6, 2011, before the Honorable J. Mark Hayes, II. At the beginning of the hearing, PCR counsel advised Judge Hayes that Petitioner would be narrowing the issues to be presented to two claims:

1. "the main issue being an offer of guilty plea that the applicant alleges he never received and would have taken had he been given it," and,
2. a challenge to "the charges to the jury on the hand of one being the hand of all."

(Attachment 1, PCR App. p. 316).

At the conclusion of the hearing, Judge Hayes took the matter under advisement. (Attachment 1, PCR App. p. 409). By Order dated March 16, 2012, filed March 19, 2012, Judge Hayes denied relief and dismissed the application. (Attachment 1, PCR App. pp. 411-418).

On April 3, 2012, PCR counsel filed a motion for new trial and/or for

reconsideration of the ruling. (Attachment 1, PCR App. pp. 420-421). The State made its return to the motion on April 17, 2012. (Attachment 1, PCR App. pp. 424-425). PCR counsel filed an amendment to his motion on April 24, 2012, to specifically ask the court to reconsider the ruling in light of new rulings by the United States Supreme Court, Missouri v. Frye[2], 566 U.S. ___, 132 S.Ct. 1399 (2012), and Lafler v. Cooper[3], 566 U.S. ___, 132 S.Ct. 1376 (2012). (Attachment 1, PCR App. pp. 427-430). Judge Hayes held a hearing on the motion on June 14, 2012. (Attachment 1, PCR App. p. 432). At the conclusion of the hearing, Judge Hayes took the arguments under advisement. (Attachment 1, PCR App. p. 446). By Order dated October 2, 2012, filed October 4, 2012, Judge Hayes again denied relief but amended his Order. (Attachment 1, PCR App. pp. 448-455). Petitioner appealed the denial of relief.

Bradley M. Kirkland, Esq., represented Petitioner on appeal. PCR appellate

---

[2] In Missouri v. Frye, ––U.S. ––, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), the defendant claimed ineffective assistance of counsel when his attorney failed to communicate to him the terms of a formal plea offer from the prosecution. The Frye court held that defense counsel has a duty to convey formal plea offers that may be favorable to the accused; however, to show prejudice, a defendant must demonstrate a reasonable probability that he would have accepted a guilty plea and that the trial court would have accepted it. Id. at 1402–03.

[3] In Lafler v. Cooper, ––– U.S. ––––, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the court held that a petitioner is required to show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been submitted to the court, ... that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed."

5

counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina on October 2, 2013, and raised the following issue:

> Did the PCR court err in finding that the Petitioner would not have accepted a plea offer where trial counsel was found to not have communicated the offer to the petitioner, as the Sixth Amendment right to effective assistance of counsel now extends to the consideration of plea offers that lapse or are rejected?

(Attachment 2, p. 1).

The State made its return to the petition on February 3, 2014. (Attachment 3). The Supreme Court of South Carolina denied the petition on September 11, 2014. (Attachment 4). On September 24, 2014, PCR appellate counsel filed a petition for rehearing. (Attachment 5). The Supreme Court of South Carolina denied the petition for rehearing on October 23, 2014, (Attachment 6), and issued the remittitur, (Attachment 7).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his amended petition, quoted verbatim:

GROUND ONE:   Trial counsel failed to put me on notice's about a plea to my grand larceny charge which Lead to me being indicted on burglary first.

6

> Supporting facts: Applicant is informed and believe that on or about Oct 11, 2006, trail counsel Kathleen I. Hodges with the office of the seventh circuit Public Defender office received an offer from the solicitor's office allowing Applicant to plead stright up to the original charge of Grand Larceny which if not accepted would result in the direct Indictment of Applicant on the charge of Burglary first Degree, that this offer was never communicated to Applicant. See attact sheet.

(ECF #1, Habeas Petition, p. 5; errors in original).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the

facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues ineffective assistance of trial counsel asserting counsel failed to properly advise him of a plea offer to plead guilty to grand larceny, the original charge from the incident. Petitioner asserts that because he was not advised of the plea offer, and therefore did not accept the plea, he was subsequently indicted for burglary-1st degree, which carries a lengthier potential sentence. Petitioner contends that had he been presented with the plea offer he would

have accepted the offer to plead to grand larceny.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

9

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

This issue was raised and ruled upon by the PCR court and raised in the PCR

10

appeal. In the original order of dismissal, the PCR court found it "more likely than not" that counsel had conveyed the offer. On reconsideration, the PCR court found that trial counsel failed to convey the plea offer but that Petitioner failed to establish prejudice under the second prong. The amended order states as follows:

> The Applicant testified that Counsel was ineffective for failing [to] convey a plea offer made by the State in October 2006 for Applicant to plead to grand larceny . . . The Applicant asserted that he was never told of the offer by Counsel and testified that had he known of the offer, he would have definitely plead[ed] to the grand larceny charge, which carried a possible ten year sentence, to avoid a trial on the burglary–1st degree charge, which carried a potential sentence of fifteen years to life if Applicant were convicted. Applicant testified that he only first became aware of the offer when his PCR Counsel obtained a copy of the offer e-mail from the Solicitor's file.
>
> Counsel acknowledged that plea offers are substantial and material matters which must be discussed with clients. However, Counsel has no independent recollection that she ever discussed the offer with the Applicant and has no notes or other documentation which memorializes any discussion with the Applicant about that particular offer. Counsel testified that it has always been her customary practice to discuss such offers with clients and explained that she was a poor record keeper when it came to documenting client discussions in her files contemporaneously with the discussions.
>
> Counsel denied that her first contact with the Applicant was in December 2007, but acknowledged that the Applicant spoke with the same passionate and sometimes argumentative demeanor during her conversations with him prior to the October 2006 plea discussion, in particular as it pertained to his lack of involvement with the crime.
>
> This Court notes that in a PCR hearing, the Applicant has the burden of proof. When Counsel has no documentation in her file and no

11

independent recollection of an actual conversation about the offer with Applicant, the burden is made easier to meet. Counsel testified that she had been a practicing criminal attorney for over sixteen years and although there were no notes, she had definite recollections of some conversations with Applicant given that the Applicant was fairly memorable. Counsel also testified that when she met with the Applicant and discussed the case, Applicant was adamant that he was innocent and wanted a trial and she does not believe that Applicant would have accepted any offer in this case.

Although Counsel appeared to be credible as to deficiencies of her customary record keeping practices, and the continuing communication with the Solicitor's office to discuss subsequent offer concerning the Applicant and his rejection of a plea offer to two burglary-2nd degree charges, this Court finds that the Applicant met his burden of proof of establishing that Counsel was deficient for failing to convey the October 2006 plea offer. This Court finds that although Counsel is also credible that her customary practice is to convey all offers and this is the basis for her opinion that she made the offer to the Applicant, the lack of other supportive documentation or evidence supports the reasonable inference that the October 2006 offer was not conveyed to the Applicant.

However, although this Court finds that the Applicant has met his burden of proof as to Counsel's deficiency in failing to convey the October 2006 plea offer, this Court finds that the Applicant failed to establish the second prong of prejudice. Although the Applicant testified passionately that he would have accepted the October 2006 plea had he known about it, this Court does not find it credible and is not convinced that the Applicant would have accepted the offer based upon his equally passionate testimony regarding his limited involvement with the facts associated with the crime. Given the Applicant's demeanor, the fact that he rejected the pleas to burglary-2nd degree, and his very strong position concerning his role in the crime, this Court finds that it is more likely than not that the Applicant would not have accepted the plea to the grand larceny charge if it were offered to him at any point. This Court also does not find the Davie case applicable in this matter. Applicant was not prejudiced by pleading guilty to another offer with a higher

> sentence without knowledge of an earlier offer to a lesser charge or sentence. Rather, Applicant chose to proceed with a fair jury trial, which is his right provided by the Constitution. Therefore, this Court finds that the Applicant has failed to meet his burden of proof in proving that Counsel was ineffective as to this claim. This allegation is denied and dismissed.

(Tr. 228-230).

Trial counsel testified that Petitioner had indicated to their office, the public defender's office, from the first day he was interviewed by them that he was not guilty and that he wanted a trial. (Tr. 168). Counsel testified that due to Petitioner's adamant denial of any guilt or wrongdoing in this case, "foments his–you know, his desire to have you to have somebody understand and hear him in terms of what actually happened that day." (Tr. 178).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner met Strickland's first prong, but failed to meet the second prong of prejudice. The PCR court found Petitioner not credible concerning his testimony that he would have accepted the October 2006 plea

offer had he known about it. It further found, among other things, that trial counsel's testimony was credible. The PCR court's factual determinations regarding credibility are presumed to be correct and is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"); 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The PCR court's findings that Petitioner would not have accepted the plea offer had it been communicated to him is not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but is also supported by the record. Petitioner fails to overcome this presumption. See 28 U.S.C. § 2254(e)(1). Further, the PCR court's application of Strickland was reasonable and correct. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #44) be granted and the petition be dismissed without an evidentiary

hearing.

                    Respectfully submitted,

                     s/Thomas E. Rogers, III
                    Thomas E. Rogers, III
May 29,2015            United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.